**Daniel R. Price**, SBN 073821
Law Offices of Dan Price
260 Sheridan Avenue, Suite 450
Palo Alto, CA  94306
Phone: 650.321.1440
Fax:    650.321.4746
Email: dan@dpricelaw.com


**Floyd A. Mandell**
Phone: 312.902.5235
Fax:    312.577.8982
Email: floyd.mandell@kmzr.com
**Joseph J. Jacobi**
Phone: 312.902.5251
Fax:    312.577.4570
Email: joseph.jacobi@kmzr.com
Katten Muchin Zavis Rosenman
525 West Monroe Street, Suite 1600
Chicago, IL  60661-3693

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL MEDIA COMMUNICATIONS, INC. <br><br>            Plaintiff, <br><br>     vs. <br><br> BT CALIFORNIA, LLC, <br> BSC MANAGEMENT, <br> S.A.W. ENTERTAINMENT LTD. and <br> JOSEPH CAROUBA <br><br>            Defendants. | Case No. C 04 0463-EDL <br> Magistrate Judge Elizabeth D. Laporte <br><br> **CONSENT PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL MEDIA COMMUNICATIONS, INC. <br><br> Plaintiff, <br><br> vs. <br><br> BT CALIFORNIA, LLC, <br> BSC MANAGEMENT, <br> S.A.W. ENTERTAINMENT LTD. and <br> JOSEPH CAROUBA <br><br> Defendants. | Case No. C 04 0463-EDL <br> Magistrate Judge Elizabeth D. Laporte <br><br> **CONSENT PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

This matter having come before the Court, counsel for all parties being present on June 8, 2004, and having advised the Court that they have reached agreement on the terms of a permanent injunction and a monetary judgment,

IT IS HEREBY ORDERED, ADJUDICATED, AND DECREED THAT:

1. The parties stipulate that this Court has jurisdiction over all of the parties, and over the subject matter of this action.

2. The parties hereby stipulate that the following United States Trademark and Service Mark Registrations are valid and subsisting and are owned by Plaintiff General Media Communications, Inc. ("General Media") for use in combination with the following goods and services:

| Registration No. | Trademark | Goods and Services |
|---|---|---|
| 2,810,417 | THE PENTHOUSE CLUB | Restaurant, night club, and bar services, entertainment services, namely, live dance performances, model searches and special appearances |
| 2,738,557 | PENTHOUSE | Cigars |
| 2,701,927 | THE GIRLS OF PENTHOUSE | Periodicals |
| 2,686,386 | PENTHOUSE | Sexual aids |
| 2,450,888 | PENTHOUSE MEN'S CLUB | Restaurant, night club, and bar services, entertainment services, namely, live dance performances, model searches and special appearances |
| 2,441,085 | PENTHOUSE.COM | On-line magazine |
| 2,435,702 | PENTHOUSE | Candles and gels used as personal lubricants |
| 2,386,351 | PENTHOUSE | Playing cards |
| 2,337,421 | PENTHOUSEMAG.COM | On-line magazine |
| 2,243,111 | PENTHOUSE COMIX | Computer services providing access to a wide range of information |
| 2,190,434 | PENTHOUSE EROTICA | Quarterly adult magazine |
| 2,078,769 | PENTHOUSE | On-line magazine |
| 1,963,425 | PENTHOUSE COMIX | Comic books featuring adult themes |
| 1,960,448 | PENTHOUSE MEN'S ADVENTURE COMIX | Comic books featuring adult themes |

| Registration No. | Trademark | Goods and Services |
|---|---|---|
| 1,862,414 | PENTHOUSE | Condoms |
| 1,515,321 | PENTHOUSE | Wristwatches and clocks |
| 1,430,050 | PENTHOUSE | Prerecorded video tapes |
| 1,367,554 | PENTHOUSE LETTERS | Adult entertainment magazines |
| 1,289,736 | PENTHOUSE PETS | Air fresheners |
| 1,282,978 | PENTHOUSE | Air fresheners |
| 1,074,534 | PENTHOUSE | Calendars |
| 1,064,636 | PENTHOUSE | Promoting the goods and services of others through advertising |
| 1,020,498 | PENTHOUSE FORUM | Magazines |
| 880,922 | PENTHOUSE | Magazines |

The foregoing trademarks and service mark registrations are hereinafter individually and collectively referred to as the "PENTHOUSE Marks."

3. Defendants, including without limitation, any and all principals, partners, agents, servants, officers, directors, employees, successors, assigns, parents, subsidiaries, affiliates, divisions, related companies or entities, and licensees of Defendants, and any and all persons acting for Defendants, under them, on their behalf, or in concert or participation with them, are hereby permanently enjoined and restrained from:

    (i) conducting any business using trademarks, trade names, service marks, or Internet domain names comprising in whole or in part the term "Penthouse," or any word, phrase, term, mark, or name that is confusingly similar to any of the PENTHOUSE Marks;

    (ii) selling, offering for sale, holding for sale, advertising, or promoting any goods or services using trademarks, trade names, service marks, or Internet domain names comprising in whole or in part the term "Penthouse," or any word, phrase, term, mark, or name that is confusingly similar to any of the PENTHOUSE Marks;

    (iii) filing or in any way prosecuting an application for federal or state trademark, service mark, or trade name registration for any mark or name comprising in whole or in part the term "Penthouse," or any word, phrase, term, mark, or name that is confusingly similar to any of the PENTHOUSE Marks;

    (iv) acquiring, owning, or using any Internet domain name comprising in whole or in part the term "Penthouse," or otherwise incorporating any word, phrase, term, mark, or name that is confusingly similar to any of the PENTHOUSE Marks;

    (v) representing or implying in anyway that any of Defendants' goods, services, or businesses are associated with, sponsored by, approved by, distributed by, or in any way legitimately connected with General Media and/or any of the PENTHOUSE Marks;

    (vi) engaging in any other act or thing that is reasonably likely to induce the belief that Defendants' goods, services, and/or businesses are in any way connected with General Media, or that is likely to diminish in any way the distinctiveness of any of the PENTHOUSE Marks.

  4. To the extent they have not previously done so, Defendants are further ordered to deliver to General Media, on or before June 21, 2004, any and all stationery, circulars, catalogs, charts, brochures, advertising material, labels, packages, signs, and all other material in their possession, custody, or control that contain the term "Penthouse," or that contain any other terms, marks, or names confusingly similar to any of the PENTHOUSE Marks.

  5. To the extent they have not previously done so, Defendants are further ordered to transfer to General Media, on or before June 21, 2004, all Internet domain names that contain or comprise in

whole or in part the term "Penthouse," or that otherwise incorporate any terms, marks, or names confusingly similar to any of the PENTHOUSE Marks, including but not limited to "thepenthousesf.com" and "thepenthousesf.net."

6. To the extent they have not previously done so, Defendants are further ordered to cancel, on or before June 21, 2004, any and all advertising and promotion, including but not limited to telephone book advertising in both the White and Yellow Pages, that use in whole or in part the term "Penthouse," or any other word, phrase, term, mark, or name that is confusingly similar to any of the PENTHOUSE Marks, and to provide reasonable confirmation to General Media of cancellation of all such advertising.

7. Defendants are further ordered to pay to General Media damages and attorneys' fees totaling $100,000 by August 6, 2004, which obligation shall be considered paid in full if and only if the following payments are timely made by cashiers or certified check, and received by counsel for General Media as follows:

    (a) $10,000, received by counsel for General Media on or before June 21, 2004 (the timely payment of which $10,000 is hereby acknowledged by General Media); and

    (b) an additional $60,000, received by counsel for General Media on or before August 4, 2004.

Defendants are jointly and severally responsible for the monetary obligation set forth in this paragraph.

8. Upon payment of the sums stated in paragraph 7 above, all other claims are merged into this judgments and the lawsuit is dismissed subject to the conditions of the permanent injunction.

9. Violation of this Order by Defendants shall entitle General Media to an award of its attorneys' fees and costs necessary to enforce the Order, together with such additional damages and remedies as this Court deems just and equitable.

**IT IS SO ORDERED,** *nunc pro tunc* **to June 8, 2004.**

Dated: _____     _____
Honorable Elizabeth D. Laporte
United States Magistrate Judge
United States District Court
Northern District of California
San Francisco Division

Approved as to form:

_____/s/_____
Edi Thomas
Attorney for all Defendants

_____/s/_____
Daniel Price
Attorney for Plaintiff

*Filer's Attestation: Pursuant to General Order No. 45, Section X.B regarding signatures, Daniel R. Price hereby attests that concurrence in the filing of this document has been obtained.*